ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JESSE H. NICHOLSON, JR.,
      Petitioner,

    V.

THOMAS CARROLL, Warden,
    Respondent,

)
)
)
)
)
)
)
)
)

C. A. NO. _____ # 05-732-

Petition for Writ of
Habeas Corpus under
28 U.S.C. § 2254

MEMORANDUM OF LAW IN SUPPORT OF
THE PETITION FOR WRIT OF HABEAS CORPUS

FILED

OCT 1 4 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I. Factual and Procedural Background

    Jane Brady is the Attorney General of
the State of Delaware.

    Petitioner, Jesse H. Nicholson, Jr., (SBI#133626)
is a prisoner confined at the Delaware Correctional
center.

    On April 28, 2004, petitioner, (hereinafter
"Nicholson") was denied his Due Process Clause
guaranteed right to an impartial decision-
maker, underlying a prison disciplinary hearing,
because the Hearing Officer (Sgt/Lt. Bernard
Williams) was directly involved in the preparation
of the charges underlying the said hearing. See

Disciplinary Hearing Decision at Exhibit A.

On April 22, 2004, S6/Lt. Bernard H. Williams (Hearing Officer) ordered Sgt. Joseph Machiarelli to initiate disciplinary charges against Nicholson, in an attempt to conceal his direct involvement underlying the said disciplinary charges. See Exhibit B. Williams' fabricated the description of the alleged violations in an effort to manufacture evidence against Nicholson.

Nicholson submitted his disciplinary appeal, raising the impartial hearing officer claim, See Exhibit C, however, the appeal was affirmed based on the fabricated assertions of Williams', whereby the impartial hearing officer claim was completely ignored. See Exhibit D.

On December 7, 2004, Nicholson filed a Writ of Mandamus in the Superior Court of the State of Delaware, to have the disciplinary hearing decision in Exhibit A invalidated and expunged from Nicholson's institution

record. However, the Superior Court dismissed the petition without addressing the impartial hearing officer claim. See Exhibit E.

On June 1, 2005, Nicholson appealed the Superior Court's decision to the state's highest court, the Supreme Court of the state of Delaware. This Court affirmed the Superior Court's decision on August 23, 2005. See Exhibit F.

II. Legal Principles

A. Right to Impartial Decision-Maker

The District Court review state courts' decision only to determine whether that ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S. C. § 2254(d)(1). Under well established Supreme Court precedent, a prisoner is entitled to an impartial hearing officer, underlying a prison

3

disciplinary hearing.

"An impartial decision-maker is a fundamental requirement of due process..... fully applicable" in the prison context. <u>Wolff v. McDonnell</u>, 418 U.S. at 592, 94 S. Ct. at 2992 (1974). The requirement of a neutral and detached decision-maker must not be impaired, but disqualification is not necessary in every case of claimed bias. <u>Redding v. Fairmen</u>, 717 F.2d <u>1105, 1112 (7th Cir. 1983)</u>, <u>cert. denied, 465 U.S.</u> <u>1025, 104 S. Ct. 2282 (1984)</u>. "Due process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case." <u>Wolff</u>, 418 U.S. at 592, 94 S. Ct. at 2992 (Marshall, J., concurring).

Thus, a prisoner who is subject of a disciplinary proceeding is entitled to an impartial decision-maker, and is denied that right if the decision-maker was directly

4

involved in the incident at issue. <u>Bracy v.</u>
<u>Gramley</u>, 520 U.S. 899, 904-05 (1997). If an
officer is substantially involved in the
preparation of disciplinary charges against
an inmate, due process forbids that officer
from serving on the adjustment committee.
(The Delaware Correctional Center does not
utilize adjustment boards or tribunals,
rather, the department uses <u>single</u> officers
to conduct disciplinary hearings). In the
case at bar, St/Lt. Bernard H. Williams was
directly involved in the preparation of the
charges underlying the said disciplinary
hearing. <u>See Exhibit C</u>. This action constituted
a violation of Nicholson's procedural due
process right to an impartial decision-maker,
underlying a prison disciplinary hearing.
Therefore, this disciplinary hearing conducted
by St/Lt. Bernard H. Williams presented "such
a hazard of arbitrary decision-making that

it should be held violative of due process of law." Wolff, 418 U.S. 539, 571 (1974). The respondent in the lower courts and in the prison administrative proceedings, never argued that Nicholson was afforded a fair disciplinary hearing. Rather, the respondent incorrectly argued that Nicholson was only entitled to notice of the disciplinary charges against him. Subsequently, the United States Supreme Court has held that such a lack of fair hearing violates due process, wholly apart from the conditions of confinement and without regard to the Sandin requirements. Brunsworth v. Gunderson, 179 F.3d 771, 775 (9th Cir. 1999). Furthermore, the respondent did not deny or dispute that St/Lt Bernard H. Williams was directly involved with the fabricated disciplinary charges, underlying the disciplinary hearing, where Williams' arbitrarily adjudged Nicholson guilty of the charges. See Exhibits A, B, and C.

Consequently, an expungement order by the District Court would be an appropriate remedy for the wrong suffered by petitioner. See <u>United States v. Sweeney</u>, 914 F.2d 1260 (9th Cir 1990) (appropriateness of expungement remedy is judged on a case-by-case basis and appropriate "where the maintenance of such records would be fundamentally unfair"). A contrary conclusion ignores the core of our concept of procedural due process. See <u>Wolff</u>, 418 U.S. at 558 ("The touchstone of due process is protection of the individual against arbitrary action of government") 418 U.S. 539, 547 (1974).

Therefore, petitioner asks that the court grant the following relief: invalidate the disciplinary hearing in reference to disciplinary report # 1009075, and order expungement of all records related to the said disciplinary report, or any other relief to which petitioner may be entitled.

I declare under penalty of perjury that the foregoing is true and correct. On this 12th day of October 2005.

Jesse H. Nicholson

7

Jesse H. Nicholson, Jr
SBI# 133626
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Dated: October 12, 2005

# Certificate of Service

I, _Jesse H. Nicholson, Jr._ , hereby certify that I have served a true

and correct cop(ies) of the attached: _Petition for a Writ of_

_Habeas Corpus_ _____ upon the following

parties/person (s):


TO: _Clerk of the Court_        TO: _Jane Brady_

_United states District Court_ _Attorney General_

_844 King St Lockbox 18_        _820 N. French St._

_Wilmington, DE 19801_          _Wilmington, DE 19801_

_____            _____


TO: _____        TO: _____

_____            _____

_____            _____

_____            _____

_____            _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road,  Smyrna, DE
19977.

On this _12th_ day of _October_ _____ , 2005

_Jesse H. Nicholson Jr._



UNITED STATES POSTAGE

02 1A
0004395355
MAILED FROM ZIP

U.S.M.S.
X-RAY

I/M Jesse A Winston
SBI# 136636   UNIT 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
United States District Court
844 King St. Lockbox 18
Wilmington, DE
L 9801