EXHIBIT F

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JESSE H. NICHOLSON, JR., | § |
| | § No. 227, 2005 |
| Petitioner Below- | § |
| Appellant, | § |
| | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| COMMISSIONER TAYLOR, et al., | § C.A. No. 04M-12-055 |
| | § |
| Respondents Below- | § |
| Appellees. | § |

Submitted: July 1, 2005
Decided: August 23, 2005

Before **HOLLAND**, **BERGER** and **JACOBS**, Justices

## ORDER

This 23rd day of August 2005, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The petitioner-appellant, Jesse H. Nicholson, Jr., filed an appeal from the Superior Court's May 10, 2005 order dismissing his petition for a writ of mandamus. The respondents-appellees, Commissioner Taylor et al., have moved to affirm the judgment of the Superior Court on the ground that

it is manifest on the face of Nicholson's opening brief that the appeal is without merit.[1] We agree and AFFIRM.

(2) In this appeal, Nicholson, a prisoner, claims that the Superior Court abused its discretion by dismissing his petition for a writ of mandamus. He argues that he was falsely accused of keeping contraband (specifically, a smoking pipe) in his cell and was not provided an impartial hearing officer for his disciplinary hearing in violation of his due process rights. He seeks removal of the disciplinary record in question from his inmate file. Nicholson further argues that the Superior Court abused its discretion by dismissing his petition without providing him sufficient opportunity to rebut the claims made by prison officials in their motion to dismiss.

(3) The record reflects that the Superior Court did not initially dismiss Nicholson's petition and affidavit, but rather directed that service of process issue.[2] After being served with the petition and affidavit, prison officials filed a motion to dismiss.[3] The motion was supported, among other things, by the affidavit of a prison officer stating that he had found the pipe under Nicholson's bunk, a copy of a letter from Nicholson to prison officials

---

[1] Supr. Ct. R. 25(a).
[2] Del. Code Ann. tit. 10, § 8803(b) (1999).
[3] Super. Ct. Civ. R. 12(b)(6).

2

stating that his cellmate was not responsible for the pipe, a copy of the notice of disciplinary hearing indicating that Nicholson refused to acknowledge by his signature that he had been informed of his rights, and a copy of the hearing decision indicating that Nicholson had engaged in disruptive behavior at the hearing. The Prothonotary sent a letter to Nicholson directing him to respond to the motion to dismiss, which he did. In his response, Nicholson reiterated his claim that he was falsely accused and was not provided an impartial hearing officer.

(4)   A writ of mandamus is an extraordinary remedy issued to compel a lower tribunal to perform a nondiscretionary duty.[4] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that: he has a clear right to the performance of the duty; no other adequate remedy is available; and the lower tribunal has arbitrarily failed or refused to perform that duty.[5]

(5)   Nicholson has failed to demonstrate that prison officials had a nondiscretionary duty to remove the disciplinary record in question from his inmate file. Moreover, he has failed to demonstrate that no other remedy is

---

[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[5] Id.

available to him.[6] We, thus, find no abuse of discretion on the part of the Superior Court in dismissing Nicholson's petition for a writ of mandamus. We also find that Nicholson was afforded a reasonable opportunity to, and in fact did, respond to the respondents' motion to dismiss. We find no abuse of discretion on the part of the Superior Court in deciding the motion to dismiss on the basis of the record before it.[7]

(6) It is manifest on the face of Nicholson's opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), respondents-appellees' motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*Carolyn Berger*
Justice

---

[6] In his opening brief, Nicholson states that he also is pursuing a remedy against prison officials "in other proceedings."
[7] Del. Code Ann. tit. 10, § 8803(c) (1999) (permitting the Superior Court to dismiss *sua sponte* a complaint brought by a prisoner, even where service of process has issued).