IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE H. NICHOLSON, JR., ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civ. Act. No. 05-732-SLR |
| ) | |
| THOMAS CARROLL, Warden, ) | |
| and CARL C. DANBERG, Attorney ) | |
| General of the State of Delaware, ) | |
| ) | |
| Respondents ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondents submit the following in response to the petition for a writ of habeas corpus:

1. Jesse Nicholson is currently a prisoner housed at the Delaware Correctional Center, serving a 43 year prison term following his June 1988 guilty plea to two counts of first degree robbery and one count each of second degree robbery, second degree assault, and possession of a deadly weapon during the commission of a felony. *See generally Nicholson v. State*, 1990 WL 168266 (Del. Oct. 3, 1990).

2. The instant petition involves not Nicholson's state conviction, but prison disciplinary proceedings occurring in April 2004. The sequence of events is fully detailed in this Court's opinion in *Nicholson v. Carroll*, 390 F.Supp.2d 429, 431-32 (D. Del. 2005). On April 8, 2004, correctional officers searched the cell occupied by Nicholson

and Nathaniel Anderson; in the search, officers found a small wooden pipe taped to the back of a storage drawer which contained Anderson's belongings. Disciplinary charges were filed against Anderson (for possession of the pipe). A few days later, Nicholson wrote to the institutional hearing officer, acknowledging that the pipe in fact belonged to him. Nicholson attended Anderson's disciplinary hearing and admitted ownership of the pipe. Based on Nicholson's statement and letter, the hearing officer found Anderson not guilty.

3. On April 22, disciplinary charges were filed against Nicholson, based on his statement at Anderson's hearing and his letter to the hearing officer. Nicholson's hearing was held on April 28. As detailed in the hearing officer's decision, Nicholson said he had written his earlier letter in order to help Anderson; Nicholson denied having any knowledge of the pipe. The hearing officer produced Nicholson's letter and began to read it. Nicholson, however, grabbed the letter out of the officer's hands and began to rip it up. The two then scuffled for the letter, and the officer called for assistance. Nicholson was subdued and later placed in administrative segregation for 15 days and then to maximum security, where he remained until January 2005.

4. Nicholson's administrative appeals were denied, and in December 2004, he filed a petition for a writ of mandamus in Superior Court, challenging the result of the disciplinary proceeding. Superior Court denied the petition, and on Nicholson's appeal, the Superior Court decision was affirmed. *Nicholson v. Taylor*, No. 227, 2005

(Del. Aug. 23, 2005). In the meantime, Nicholson had filed a civil rights action in this Court, under 42 U.S.C. §1983, challenging the disciplinary proceedings against him and the subsequently imposed sanctions. On a defense motion for summary judgment, this Court dismissed Nicholson's case and entered judgment for the defendants. *Nicholson v. Carroll*, 390 F.Supp.2d 429 (D. Del. 2005).

5. In this action, Nicholson complains that the hearing officer could not have adjudicated the charges filed against him on April 22 because the hearing officer was involved in the investigation of the charges. Thus, in Nicholson's view, the hearing officer was not impartial. DI 2. Nicholson having presented the identical claim in his appeal to the state supreme court, the claim is exhausted. The petition, however, fails for three distinct reasons.

6. In the first instance, federal habeas lies only to challenge the fact or duration of the prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973). Nicholson's sanctions did not include any loss of earned good time credit; instead, the only sanction imposed by correctional authorities was confinement in administrative segregation for 15 days. Those sanctions do not affect the fact or duration of Nicholson's confinement, and accordingly, there is no basis for habeas relief. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (30 day confinement to cell did not affect fact or duration of prisoner's confinement). Similarly, the effect of Nicholson's "curtailed. . . ability to earn good time credits", *Nicholson*, 390 F.Supp.2d at 435, is too attenuated for this Court to conclude that

the fact or duration of his confinement has been affected. *See Malchi*, 211 F.3d at 958-59. Nicholson thus has stated no claim for federal habeas relief.

7. The next point is that Nicholson's claims, including his complaint that the hearing officer was not impartial, have already been resolved against him in his earlier §1983 action. *See* 390 F.Supp.2d at 434-35 (rejecting impartial decision maker claim). The disposition of Nicholson's civil rights action might not have preclusive effect in this action, but the disposition of that case surely has a bearing on the availability of relief in this action. *See Salinger v. Loisel*, 265 U.S. 224, 230-32 (1924); *Wong Doo v. United States*, 265 U.S. 239, 241 (1924). Nicholson offers no reason for this Court to change its mind and grant relief that it denied, after full consideration of the merits of Nicholson's claim, in the civil rights action.[1] Consistent with *Wong Doo*, the Court should give "controlling weight" to its September 2005 decision dismissing the civil rights action.

8. Finally, the disciplinary hearing has to be conducted by an impartial decision maker; the cases are simply so numerous on the point as to make it axiomatic. But "prison disciplinary hearing officers are not held to the same standard of neutrality as other types of adjudicators." *Madera v. Goord*, 103 F.Supp.2d 536, 540 (N.D.N.Y. 2000) (citing cases). Instead, the decision maker is impartial if he has not prejudged the evidence and has not indicated how he would evaluate evidence he has not seen. *Id.*

---

[1] Indeed, Nicholson does not even mention in his federal habeas petition the existence of the civil rights action, even though the civil rights action was filed in August 2004 and decided in September 2005. The habeas petition is dated October 12, 2005.

(citing cases). *See Nicholson*, 390 F.Supp.2d at 435 (remarking upon constitutional standard for disqualification due to bias or prejudice). The hearing officer in Nicholson's case did no more than refer Nicholson's admission of possession of the pipe to another correctional officer; there was surely no investigation in the common meaning of that term.[2] That officer made the decision to lodge the incident report and yet another officer (the shift commander) made the decision to refer the matter to an adjustment board. The hearing officer did not have any "major participation in a judgmental or decision-making role[] in the circumstances underlying the charge. . . ." *Meyers v. Alldredge*, 492 F.2d 296, 306 (3d Cir. 1974). Nicholson's claim simply fails -- there is no evidence that the hearing officer had prejudged the case in any manner.

9. No hearings were conducted in connection with Nicholson's state mandamus action. There is, accordingly, no relevant transcript to be produced.

---

[2]*See New Shorter Oxford English Dictionary* 1410 (1993) ("**1** *v.t.* Search or inquire into; examine (a matter) systematically or in detail; make an (official) inquiry into. **2** *v.i.* Make a search or systematic inquiry.")

10. The petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Loren C. Meyers
**LOREN C. MEYERS**
Chief of Appeals Division
Del. Bar ID 2210

/s/ Elizabeth R. McFarlan
**ELIZABETH R. McFARLAN**
Deputy Attorney General
Del. Bar ID 3759

Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500

April 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on April 13, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

>Jesse H. Nicholson, Jr.
>SBI No. 133626
>Delaware Correctional Center
>1181 Paddock road
>Smyrna, DE 19977

>Elizabeth R. McFarlan
>Deputy Attorney General
>Department of Justice
>820 N. French Street
>Wilmington, DE 19801
>(302) 577-8500
>Del. Bar. ID No. 3759
>elizabeth.mcfarlan@state.de.us