IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE H. NICHOLSON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 05-732-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, and CARL | ) |
| C. DANBERG, Attorney | ) |
| General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

Jesse H. Nicholson, Jr.  Pro se petitioner.

Loren C. Meyers, Chief of Appeals Division, and Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

Dated: November  / , 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Petitioner Jesse H. Nicholson ("petitioner") is an inmate in custody at the Delaware Correctional Institution in Smyrna, Delaware. Before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) The State has filed its answer that habeas relief is not warranted. For the reasons that follow, petitioner's application will be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 1988, petitioner entered a guilty plea to two counts of first degree robbery and one count each of second degree robbery, second degree assault, and possession of a deadly weapon during the commission of a felony. See generally, Nicholson v. State, 1990 WL 168266 (Del. Oct. 3, 1990). On April 8, 2004, correctional officers searched the cell occupied by petitioner and Nathanial Anderson. During the search, officers found a small wooden pipe taped to the back of a storage drawer which contained petitioner's belongings. Prison officials filed disciplinary charges against petitioner for possessing the pipe. A few days later, petitioner wrote to the institutional hearing officer, acknowledging that the pipe in fact belonged to him. Petitioner also attended Anderson's disciplinary hearing and admitted ownership of the pipe. Based on petitioner's statement

1

and letter, the hearing officer found Anderson not guilty.

On April 22, 2004, prison officials filed disciplinary charges against petitioner based on his statement at Anderson's hearing and his letter to the hearing officer. Petitioner's hearing was held on April 28, 2004. Although petitioner stated that he wrote his earlier letter to help Anderson, he denied any knowledge of the pipe. The hearing officer produced petitioner's letter and began to read it. Petitioner, however, grabbed the letter out of the officer's hands and began to rip it up. The two struggled for the letter, and the officer called for assistance. Petitioner was subdued and later placed in administrative segregation for 15 days and then to maximum security, where he remained until January 2005.

Petitioner's administrative appeals were denied. In December 2004, petitioner filed a petition for a writ of mandamus in the Superior Court, challenging the result of the disciplinary hearing. The Superior Court denied the petition. The Delaware Supreme Court affirmed the Superior Court's decision. <u>Nicholson v. Taylor</u>, No.227, 2005 (Del. Aug. 23, 2005).

While petitioner was pursuing his administrative remedies in the state system, he also filed a civil rights action in this court pursuant to 42 U.S.C. § 1983 challenging the disciplinary proceedings against him and the subsequently imposed sanctions. The court dismissed petitioner's case on a defense motion for

summary judgment and entered judgment for the defendants. Nicholson v. Carroll, 390 F. Supp. 2d 429 (D. Del. 2005).

## III. DISCUSSION

The United States Supreme Court has described two broad categories of prisoner petitions: (1) § 2254 applications that challenge the fact or duration of the prisoner's confinement; and (2) § 1983 actions that challenge the conditions of confinement. Preiser v. Rodriguez, 411 U.S. 475, (1973). As explained by the Court of Appeals for the Third Circuit,

> whenever the challenge ultimately attacks the 'core of habeas' - - the validity of the continued conviction or the fact or length of the sentence - - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). A challenge to a disciplinary hearing that resulted in the loss of good-time credit is properly asserted as a claim for habeas corpus relief because the claim impacts the length of a prisoner's sentence. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002)(citing Sandin v. Conner, 515 U.S. 472, 486 (1995)); Leamer, 288 F.3d at 540-42. However, a challenge to a disciplinary hearing that resulted in the imposition of discipline other than the loss of good-time credit does not allege a proper ground for habeas relief. See Torres, 292 F.3d at 150-51.

3

In his application, petitioner contends that he was denied an impartial disciplinary hearing as guaranteed by the Due Process Clause because the hearing officer also prepared the charges against him. However, the sanctions against petitioner did not involve any loss of earned good time credit; he was only confined to administrative segregation for 15 days. Thus, the court will deny petitioner's § 2254 application because his sole claim fails to assert an issue cognizable on federal habeas review.

## IV.  CERTIFICATE OF APPEALABILITY

The court must decide whether to issue a certificate of appealabilty. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner is not entitled to federal habeas relief. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability

4

will not be issued.

## V. CONCLUSION

For the foregoing reasons, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 will be denied.

An appropriate order will be entered.